**In re Anonymous No. 45 D.B. 93**

Disciplinary Board Docket no. 45 D.B. 93.

*Hearing Committee,* July 26, 1994—

PROCEDURAL SUMMARY

This matter arises out of a petition for discipline filed by the Office of Disciplinary Counsel. This petition charged the respondent, [    ], with violations of D.R. 6-101(A)(3) and D.R. 1-102(A)(4) and alleged violations of R.P.C. 1.3 and R.P.C. 8.4(c). These matters were referred to Hearing Committee [ · ] and a hearing was commenced on December 14, 1993.

After the hearing commenced, assistant disciplinary counsel, respondent, and respondent's counsel agreed to a disposition of these matters under the abbreviated

procedure. To this end, an agreed upon set of findings were submitted to the Hearing Committee. This matter is now before the Hearing Committee for disposition.

## FINDINGS OF FACT

The following findings of fact are made in support of the allegations charging neglect, D.R. 6-101(A)(3) (for the time period ending March 31, 1988) and lack of diligence, R.P.C. 1.3 (for the time period beginning April 1, 1988).

(1) On September 2, 1985, [A], died testate, a resident of [ ] County, owning both real and personal property.

(2) [B], surviving executrix and daughter of decedent, retained respondent's firm, [C], in November 1985, to handle the administration of decedent's estate and to conclude the guardianship that had been established in about November 1980.

(3) The surviving beneficiaries of decedent's estate were [B] and her brother, [D].

(4) Throughout 1986, respondent took minimal action to administer decedent's estate.

(5) In approximately July 1986, respondent received a copy of a notice from the Department of Revenue to [B] that the inheritance tax return had not yet been filed.

(6) It was not until May 1987 that respondent had [B] sign the inheritance tax return, although it was not fully completed at that time.

(7) By order of court dated June 10, 1987 as a result of an earlier citation filed by the Department of Revenue, [B] was directed to show cause why an inheritance tax return should not be filed. A hearing was scheduled for August 13, 1987. Respondent received notice of this order by certified mail.

(8) Respondent did not file the inheritance tax return or inventory in regard to decedent's estate until July 2, 1987.

(9) Respondent did not file the first and final account until July 20, 1987.

(10) The audit of decedent's estate was held on September 15, 1987 and a decree of distribution was issued on January 4, 1988.

(11) Despite knowledge to the contrary, respondent had neglected to include on all estate documents, as an asset of the estate, a 50-foot strip of land devised to [D].

(12) In January 1989, [E], Esquire, on behalf of [D], filed a petition to set aside petition for distribution, decree of distribution and the award of real estate. The petition set forth the following errors found in the estate and reasons to declare the filings null and void:

(a) [D] had never received notice of the audit of the estate until October 1988;

(b) The 50-foot strip of land, which was devised to [D] by decedent's will was not conveyed to [D] during the lifetime of decedent;

(c) The decree and award of real estate awarded land which had not been owned by decedent at the time of his death;

(d) The description of the land in [    ] Township was not in accordance with the survey prepared;

(e) The first and final account listed funeral expenses in the amount of $3,425, however, the decree of distribution and award of real estate listed a lien for funeral expenses in the amount of $4,215;

(f) The inheritance tax papers and first and final account showed no fee being charged by the executrix; however, the decree of distribution and award of real

estate show a lien for the executrix's fee in the amount of $3,500; and,

(g) The first and final account listed advancements from the executrix in the amount of $7,254.57 which included respondent's fee of $3,500. However, the petition for distribution and decree of distribution show money advanced by the executrix in the amount of $7,254.57, plus a lien for attorney's fees in the amount of $3,500.

(13) At a status conference on March 9, 1989, in regard to the petition to set aside, etc., filed by Attorney [E], respondent agreed to file amended estate papers to correct the errors outlined in the petition. Respondent did not attend a subsequent status conference scheduled for July 17, 1989.

(14) Respondent never filed any amended estate papers to correct the errors outlined in the petition.

(15) In June 1990, [B] discharged respondent and secured the services of another attorney to conclude the administration of decedent's estate.

(16) Respondent did not conclude the guardianship estate until June 1988, despite his retention to do so in November 1985.

The following findings of fact are offered in support of the allegations charging misrepresentations D.R. 1-102(A)(4) (for the time period ending March 31, 1988), and R.P.C. 8.4(c) (for the time period beginning April 1, 1988).

(1) Throughout the time period from retention until discharge, November 1985, through June 1990, respondent made various misrepresentations regarding the progress of decedent's estate to [B].

(2) Throughout 1986, in response to inquiries from [B], respondent advised her that he was "working on" decedent's estate.

(3) Beginning in 1986 and extending through mid-1987, respondent misrepresented to [B] that the reason that the estate had not been scheduled for audit was because [F], Esquire, of [   ] County, had not placed the estate on the [   ] County audit roster.

(4) In fact, after a brief representation of the estate in September 1985, Attorney [F] undertook no duties in regard to the administration of the estate, and was never asked or retained to undertake any such duties by respondent or [B]. Rather, in [   ] County, an estate is automatically placed on the audit roster after the filing of the first and final account (which was not filed by respondent until July 20, 1987) and requires no petition or other affirmative action on the part of the attorney.

(5) After [B's] receipt of the June 10, 1987 order to show cause why an inheritance tax return should not be filed, she called respondent. Respondent misrepresented to [B] that he had mistakenly sent all copies of the inheritance tax return to Harrisburg and she should "ignore" the citation. Respondent did not file the inheritance tax return until July 2, 1987.

(6) After the petition to set aside, etc., was filed by Attorney [E], respondent misrepresented to [B] that he and [E] were meeting with the judge to resolve the issues raised in the petition.

(a) In fact, respondent attended only the March 1989 status conference and did not attend the July 1989 status conference.

(b) Respondent specifically advised [B] of two meetings, one in November 1989 and the other on January

3, 1990, that she could attend, along with him and Attorney [E].

(c) Immediately before each of these meetings, respondent advised [B] that Attorney [E] had cancelled the meetings.

(d) In fact, no meetings were scheduled between respondent, Attorney [E] and the judge on either of those dates.

## CONCLUSIONS OF LAW

(1) Respondent's conduct in the handling of the matters of the decedent's estate clearly evidence neglect of a legal matter entrusted to him as prescribed by D.R. 6-101(A)(3).

(2) Respondent failed to act with reasonable diligence and promptness in representing the estate, a violation of R.P.C. 1.3.

(3) Respondent's dealing with the personal representative of the estate in misrepresenting the status of said proceedings, a violation of D.R. 1-102(A)(4).

(4) The respondent's misrepresentation of the status of the estate proceedings from April 1, 1988 until final discharge of respondent constituted conduct involving deceit or misrepresentation, a violation of R.P.C. 8.4(c).

## RECOMMENDATION

This matter having come on for hearing and the parties upon an agreed statement of facts, having agreed to proceed under the abbreviated procedure and having determined that respondent violated D.R. 6-101(A)(3), D.R. 1-102(A)(4); R.P.C. 1.3 and R.P.C. 8.4(c). The recommendation of Hearing Committee [    ] is that the respondent, [    ] undergo private reprimand.

354 ▇▇▇▇▇▇▇▇▇ ▇▇▇▇

## ORDER

And now, October 7, 1994, the report and recommendation of Hearing Committee [     ] filed July 26, 1994, pursuant to section 89.181 of the Disciplinary Board Rules, is accepted, and there being no exceptions filed; it is hereby ordered that the said [respondent] of [     ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5), Pa.R.D.E. Costs are to be paid by the respondent.